Filed 8/6/24  P. v. Williams CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRYL ALEXANDER WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B333004<br>(Super. Ct. No. 2015003656)<br>(Ventura County) |

Darryl Alexander Williams appeals from the trial court's order revoking and reinstating his parole and ordering him to serve 150 days in county jail after finding he violated the terms of his parole.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and requested this court to independently examine the record.  On June 7, 2024, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he

wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

Although this appeal is not subject to *Wende* review because it is not a direct appeal from a criminal conviction, we will exercise our discretion to conduct an independent review of the record because appellant could reasonably have believed this court would do so, even absent a supplemental brief, based on our notice in this case. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 221, 226-228, 232-233; *People v. Freeman* (2021) 61 Cal.App.5th 126, 134.)

In October 2019, appellant pleaded guilty to two counts of inflicting corporal injury (Pen. Code, § 273.5, subd. (a), counts 2 and 6) and making criminal threats (Pen. Code, § 422, count 3), all felonies. He was sentenced to a stipulated term of 14 years four months in state prison.

In July 2023, appellant was released on parole supervision. In August 2023, appellant's parole officer filed a petition for revocation alleging appellant violated the terms and conditions of his parole when he contacted or attempted to contact the victim of the commitment offense.

Following a contested parole revocation hearing, the trial court found the allegation in the petition true by a preponderance of the evidence, revoked and reinstated appellant's parole, and ordered him to serve 150 days in county jail.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists.  (*Wende*, *supra*, 25 Cal.3d 436.)

*Disposition*

The judgment (findings and orders revoking and reinstating parole) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

Marine Dermadzhyan, Judge
Superior Court County of Ventura

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.